# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY HOLLY, # 366411      *

Petitioner          *

v             *    Civil Action No. CCB-10-2961

DOUGLAS MULLENDORE     *

Respondent         *
             ***

## MEMORANDUM

Before the court is Gregory Holly's petition for writ of habeas corpus. Counsel for Douglas Mullendore, Warden of the Washington County Detention Center (WCDC) moves to dismiss and Holly has filed a reply.  The matter is briefed and ready for disposition. No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2010).

Holly's claim is that he has been improperly denied credits for industrial and special project jail time that he earned while he was an inmate at WCDC.[1]  Respondent moves for dismissal based on Holly's failure to exhaust his claims in state court.

### I.  Background

On September 29, 2009, Holly was sentenced in the District Court for Washington County in Case No. No. 4V63494 to 18 months incarceration with credit for time served for illegal use of a credit card. On October 15, 2009, the District Court sentenced Holly in Case No. 5V64188 to 18 months for a separate theft conviction, with all but 4 months suspended, to be served consecutively to the sentence imposed in Case No. 4V63494.   Holly was incarcerated on

---

[1]  Holly filed this petition while an inmate at WCDC. He was transferred to the custody of the Division of Correction on December 10, 2010, and is presently housed at the Maryland Correctional Training Center.  As such the proper custodian in this matter is the Warden of the Maryland Correctional Training Center. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 495-500 (1973).

the credit card conviction, Case No. 4V63494 , at WCDC where he  earned approximately 25

industrial and special program credits.[2]

On February 23, 2010, Holly's sentences were modified, when all time was

suspended and he was placed on probation and released from custody.  As of that date, Holly had

served part of his first sentence (4V63494) but had not started serving the consecutive sentence

(5V64188).

On June 10, 2010, Holly was returned to WCDC to await trial for violating probation.

On August 10, 2010, when Holly pleaded guilty in the District Court for Washington County to

violating the terms of his probation in both cases, he had served no time in 5V64188 and was

sentenced to the full 18 months, with time served back to June 10, 2010.   Holly was sentenced to

the remainder of time left on his original 18-month sentence in Case No. 4V63494, 8 months and

26 days, to be served consecutive to the sentence in Case No. 5V64188, with time served back to

June 10, 2010.  The court also sentenced Holly to 8 months and 256 days in the Division of

Correction for violating probation in Case No. 4V63494 with time served back to June 10, 2010,

to be served concurrently with Case No. 5V64188.   Holly claims that the industrial and special

project credits that he earned before his sentencing modification and release on probation should

be applied to the sentences he received after revocation of probation.

On August 16, 2010, Holly filed a petition for writ of habeas corpus in the Circuit

Court for Washington County.  The Circuit Court denied habeas relief.  Holly appealed the

decision to the Court of Special Appeals of Maryland on September 8, 2010.  By order dated

September 22, 2010, the Court of Special Appeals of Maryland accepted the filing of the appeal.

The case is pending and Holly has been granted until May 6, 2011, to file conforming briefs in

---

[2]   The number of credits appears to be between 25 and 29 credits. *See* Response, ECF No. 11, ¶2.c.

that case. *See Holly v. Mullendore,* No.1739 (September Term 2010).[3]

## II. Discussion

Under these facts, this petition for a writ of habeas corpus should be dismissed because petitioner has not yet exhausted his state remedies. With respect to his convictions and sentences, petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and/or a writ of habeas corpus under 28 U.S.C. § 2254, both of which can be sought only after he has exhausted his state court remedies. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process' "); *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 490-491 (1973) (noting that exhaustion of available state remedies is required under 28 U.S.C. § 2241). Consequently, the petition will be dismissed without prejudice by separate order.[4]


March 31, 2011                                      /s/_____
Date                                                      Catherine C. Blake
                                                              United States District Judge


---

[3]  This information was provided by the Clerk's Office of the Court of Special Appeals of Maryland.

[4]  Forms for filing a habeas action under 28 U.S.C. § 2241 and 2254 will be sent to petitioner in the event he intends to file for habeas relief after exhausting his state court remedies.